IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND J. KINNEY**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 4:16-CV-716-KGB-BD**

**CHARLES HOLIDAY,** *et al.*                                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received by the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

**II.     Discussion**

   A.  Background

Raymond Kinney, a federal inmate formerly held in the Pulaski County Regional Detention Facility ("Detention Facility"), filed this lawsuit complaining that he received constitutionally inadequate medical treatment while at the Detention Facility. (Docket entry #2) Specifically, Mr. Kinney alleges that he suffered from pain, reflux, hypertension, depression, and anxiety, but that Detention Facility officials allowed his

prescription medication to lapse on numerous occasions.

The Court previously dismissed Mr. Kinney's claims against Defendant Holladay. (#37) The remaining Defendants have now moved for summary judgment on Mr. Kinney's claims against them. (#72) Mr. Kinney has not responded to the Defendants' motion, and the time for doing so has passed. (#77)

B. Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

C. Undisputed Medical History

On May 18, 2016, Mr. Kinney was booked into the Detention Facility. (#73-1 at p.7) On that day, Detention Facility medical staff verified Mr. Kinney's current prescriptions: three 300 milligrams of Gabapentin (Neurontin) to be taken twice daily; 75 milligrams of Diclofenac Sodium to be taken twice daily; 325 milligrams ferrous sulfate to be taken twice daily; 15 milligrams Meloxicam (Mobic) to be taken once daily; 10/12.5 Lisinopril/HCTZ to be taken once daily; 100 milligrams Sertraline to be taken once daily; 20 milligrams Omeprazole to be taken once daily; 60 milligrams Duloxetine to be taken once daily; and Cymbalta. (*Id*. at p.29)

Dr. Johnson (not a party to this lawsuit) authorized the following prescriptions for Mr. Kinney on that same day: 10/12.5 Lisinopril/HCTZ to be taken once daily and 100

milligrams Sertraline to be taken once daily. (*Id*. at p.30) He also authorized Mr. Kinney to continue taking three 300 milligram Gabapentin (Neurontin) twice daily; 75 milligrams Diclofenac Sodium twice daily; and 325 milligrams ferrous sulfate twice daily. (*Id*.)

On June 27, 2016, Mr. Kinney filed a grievance complaining that his Neurontin prescription had run out twice in two weeks. (#73-3 at p.20) He explained that the Detention Facility's custom of only keeping a five-day supply of Neurontin at a time was insufficient and that the delay in receiving this medication had caused him to suffer severe withdrawal symptoms. (*Id*.)

The following day, Defendant Pratt, the Health Services Administrator at the Detention Center, sent a memo to Sergeant Brawley (not a party to this lawsuit) explaining that Mr. Kinney's medical records indicated that he was receiving all medications that had been ordered. (*Id*. at p.21) Sergeant Brawley then responded to Mr. Kinney's June 27 grievance by informing him that his medical records indicated that he was receiving all prescribed medications. (*Id*. at p.22) Mr. Kinney did not appeal Sergeant Brawley's decision. (*Id*.)

According to Mr. Kinney's medication records, he received only one dose (rather than the prescribed two doses) of Neurontin on six days in June 2016. (*Id*. at p.32) According to the affidavit of Robin Ballard, the Legal/Administrative Sergeant at the Detention Facility, which was attached to the Defendants' motion for summary judgment, Mr. Kinney did not receive his evening doses of Neurontin on those six dates because the Detention Facility had run out of the medication. (*Id*. at pp.3-4)

On July 18, 2016, Mr. Kinney filed another grievance complaining that he had been given a new Medication Administration Record ("MAR") that did not include prescriptions for either Zoloft or Prilosec. (#73-3 at p.23) Three days later, Defendant Pratt sent Sergeant Brawley a memo advising him that Mr. Kinney's updated MAR did not include all of his medications. (*Id.* at p.24) He also explained, however, that the issue had been corrected and that all of Mr. Kinney's medications were now included on his MAR. (*Id.*)

On July 27, Sergeant Brawley responded to Mr. Kinney's grievance explaining that his MAR had been updated and now included all of his medications. (*Id.* at p.25) Mr. Kinney did not appeal Sergeant Brawley's decision. (*Id.*)

Mr. Kinney's medical records indicate that, on July 19, 2016, he again began receiving Omeprazole (Prilosec) and Sertraline (Zoloft). (#73-1 at p.33)

On July 26, Mr. Kinney filed a grievance complaining that he had not received his Mobic prescription since July 14 even though his prescription had not expired. (#73-1 at p.34) On the same date, the medical staff informed Mr. Kinney that his prescription had been filled. (*Id.*) On July 29, Mr. Kinney resumed taking Mobic regularly. (*Id.* at p.33) According to Sergeant Pratt and Mr. Kinney's medical records, Mr. Kinney he did not receive Mobic on ten days in July because it was out of stock. (*Id.* at pp.4, 33)

On August 1, Dr. Johnson ordered Mr. Kinney's prescription for Sertraline be increased for 90 days and added a prescription for Buspirone for ninety days. (*Id.* at p.30)

4

From August 18 through August 23, Mr. Kinney did not receive Prilosec because it was out of stock. (*Id*. at pp.5, 35) On that day, Mr. Kinney filed a grievance complaining that his prescription for Neurontin had expired. (#73-3 at p.26)

On August 31, Sergeant Brawley responded to Mr. Kinney's grievance by explaining that Defendant Pratt had told him that Dr. Johnson examined him on August 23 and that Mr. Kinney had not requested a refill of his Neurontin prescription. (*Id*. at p.27) Sergeant Brawley told Mr. Kinney that he would schedule an appointment with Dr. Johnson. (*Id*.) Mr. Kinney appealed Sergeant Brawley's decision, explaining that his prescription had not expired and that there was no need for him to see Dr. Johnson for a new prescription. (*Id*.) On August 27, 2016, Mr. Kinney resumed regularly receiving Neurontin. (*Id*. at p.35)

On September 1, 2016, Mr. Kinney filed a grievance regarding the problems he had experienced in receiving his prescription medication consistently. (#73-3 at p.28) Specifically, Mr. Kinney complained that he had not been provided Mobic for three days and that his Lisinopril prescription had "run out." (#73-3 at p.28)

From August 29 through September 2, Mr. Kinney did not receive his daily dose of Mobic because it was out of stock. (#73-1 at pp.5, 35, 37)

On September 9, Defendant Pratt sent a memo to Sergeant Brawley explaining that Mr. Kinney's MAR had been reviewed and that his medications were reauthorized for 90 days. (*Id*. at p.29) On September 14, Sergeant Brawley responded to Mr. Kinney's grievance, explaining that the medications had been re-ordered. (*Id*. at p.30) On September 3, Mr. Kinney began receiving regular doses of Mobic. (*Id*. at p.37)

In September of 2016, Mr. Kinney also missed three doses of Buspar because it was "out of stock." (*Id*. at pp.5, 37) On September 19, Mr. Kinney began receiving Buspar regularly. (*Id*. at p.37) And last, in October of 2016, Mr. Kinney missed six doses of Neurontin because it was "out of stock." (*Id*. at pp.5, 40)

### D. Deliberate-Indifference Claim

A public official's deliberate indifference to a prisoner's serious illness violates the Eighth Amendment ban against cruel punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "Deliberate indifference" is evidenced, however, only when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) Negligence, even gross negligence, is insufficient to establish liability. *Fourte v. Faulkner County, Arkansas*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, a defendant can be held liable only if his actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-1241 (8th Cir. 1997) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). See also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on Eighth Amendment claim, inmate must show defendant's mental state was akin to criminal recklessness).

Here, it is undisputed that Mr. Kinney missed doses of prescribed medication while he was held at the Detention Facility. With few exceptions, the medications were

not provided, because the Detention Facility temporarily ran out.[1] When Mr. Kinney notified Detention Facility staff members that he had not received a specific medication, Defendant Pratt immediately investigated the situation and resolved it. Mr. Kinney has failed to come forward with any evidence of intentional maltreatment or the refusal to provide essential care by any of the remaining Defendants.

Based on the undisputed facts laid out in the medical records, the Court cannot conclude that any of the Defendants acted with a mental state "akin to criminal recklessness." At the worst, Defendants' conduct could be characterized as negligent. But merely negligent conduct cannot support an Eighth Amendment claim.

### III.     Conclusion

The Court recommends that the Defendants' motion for summary judgment (#72) be GRANTED. Mr. Kinney's claims should be DISMISSED, with prejudice.

DATED, this 1st day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear from the record why Mr. Kinney did not receive Mobic on July 17 and July 24. (#73-1 at p.4) Those unresolved incidents are insufficient to support a finding that Defendants refused to provide Mr. Kinney essential care so as to preclude granting their motion for judgment as a matter of law.